UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE RUIZ,                      :      CIVIL NO. **1:05-CV-0700**
                                :
          Petitioner            :      (Judge Conner)
     v.                         :
                                :      (Magistrate Judge Smyser)
WARDEN RONALD HOLT,             :
                                :
          Respondent            :


**<u>REPORT AND RECOMMENDATION</u>**


     On April 7, 2005, the petitioner, a federal prisoner proceeding *pro se,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petitioner is challenging convictions he received in the United States District Court for the Southern District of New York.


     On April 20, 2005, the petitioner filed an application to proceed *in forma pauperis.*  By an Order dated April 22, 2005, the respondent was ordered to show cause on or before May 12, 2005, why the petitioner should not be granted habeas corpus relief.  The Order of April 22, 2005 also provided that the petitioner may file a reply within 10 days of the filing of the response.

On May 12, 2005, the respondent filed a response to the petition for a writ of habeas corpus, and on May 24, 2005, the petitioner filed a reply.

Following a jury trial, the petitioner was convicted in the United States District Court for the Southern District of New York of conspiracy to commit armed robbery, armed robbery, and use of a firearm during a crime of violence. *United States v. Diaz,* 152 F.3d 921 (table), 1998 W.L. 432999 at *1 (2nd Cir. April 22, 1998).  He was sentenced to a 72 month term of imprisonment on the basis of the convictions for conspiracy to commit robbery and robbery and a consecutive 60 month term of imprisonment on the firearm conviction. *Ruiz v. United States,* 2000 W.L. 991535 at *1 (S.D.N.Y. July 19, 2000).

On direct appeal, the United States Court of Appeals for the Second Circuit affirmed the petitioner's convictions. *United States v. Diaz,* 152 F.3d 921 (table), 1998 W.L. 432999 at *1 (2nd Cir. April 22, 1998).  On October 5, 1998, the United

2

States Supreme Court denied the petitioner's petition for a writ of certiorari. *Ruiz v. United States*, 525 U.S. 907 (1998).

The petitioner filed a 28 U.S.C. § 2255 motion attacking his sentence in the United States District Court for the Southern District of New York. *Ruiz v. United States,* 2000 W.L. 991535 at *1 (S.D.N.Y. July 19, 2000). The court denied the petitioner's § 2255 motion on July 19, 2000. *Id.* The Second Circuit denied the petitioner's motion for a certificate of appealability and dismissed the petitioner's appeal of the denial of his § 2255 motion. *See Doc. 7, Exhibit 1-Docket Sheet, Docket entry 133.* On April 12, 2004, the petitioner filed a second § 2255 motion. *Id. at docket entry dated April 12, 2004.* The Second Circuit denied the petitioner authorization to file a successive § 2255 motion. *Doc. 1, Orders dated Nov. 12, 2004 and Feb. 18, 2004.*

In the instant case, the petitioner claims that his counsel provided ineffective assistance of counsel. He claims that his counsel provided ineffective assistance of counsel by failing to call an alibi witness at trial and by failing to

3

follow-up on exculpatory evidence disclosed by the prosecution prior to trial.  The petitioner also claims that his counsel provided ineffective assistance of counsel after his conviction.  This claim relates to a letter from a Jose Melendez that was disclosed by the prosecutor to defense counsel after the petitioner had been convicted but before he was sentenced.  The petitioner contends that the letter is exculpatory and that his counsel was ineffective in failing to bring the letter to the court's attention.  The petitioner asserts that he is actually innocent and that the letter, as well as other evidence, supports his claim of actual innocence.

28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a
> court established by Act of Congress claiming
> the right to be released upon the ground that
> the sentence was imposed in violation of the
> Constitution or laws of the United States, or
> that the court was without jurisdiction to
> impose such sentence, or that the sentence was
> in excess of the maximum authorized by law, or
> is otherwise subject to collateral attack, may
> move the court which imposed the sentence to
> vacate, set aside or correct the sentence.
>
> . . . .

An application for a writ of habeas corpus
on behalf of a prisoner who is authorized to
apply for relief by motion pursuant to this
section, shall not be entertained if it appears
that the applicant has failed to apply for
relief, by motion, to the court which sentenced
him, or that such court has denied him relief,
unless it also appears that the remedy by
motion is inadequate or ineffective to test the
legality of his detention.

The petitioner is challenging his conviction and

sentence.  Such a challenge should be brought by way of a

§ 2255 motion in the district court of conviction.

To be able to bring a § 2241 petition for a writ of

habeas corpus, the petitioner must establish that he satisfies

the safety-valve language of § 2255, i.e. that the remedy by a

§ 2255 motion is inadequate or ineffective to test the legality

of his detention.  The safety-valve language in § 2255 has been

strictly construed. *See Application of Galante*, 437 F.2d 1164,

1165-66 (3d Cir. 1971)(unfavorable legal standards prevailing

in circuit where sentencing court located does not render

§ 2255 remedy inadequate or ineffective); *Millan-Diaz v.*

*Parker*, 444 F.2d 95, 97 (3d Cir. 1971)(doubts about the

administration of a § 2255 motion in a particular case do not

make the remedy inadequate or ineffective);  *United States ex*
*rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)(even
if the sentencing court incorrectly disposes of a proper motion
under § 2255 the proper remedy would be by appeal of that
decision and not a habeas corpus petition).  A motion under
§ 2255 is inadequate or ineffective only where it is
established "'that some limitation of scope or procedure would
prevent a Section 2255 proceeding from affording the prisoner a
full hearing and adjudication of his claim of wrongful
detention.'" *Galante, supra*, 437 F.2d at 1165 (quoting
*Leguillou, supra*, 212 F.2d at 684).

     28 U.S.C. § 2255 establishes a one-year statute of
limitations applicable to § 2255 motions.  Also, before a
second or successive § 2255 motion may be considered by the
district court, it must be certified by a three judge panel of
the court of appeals to contain:

> (1) newly discovered evidence that, if proven and
> viewed in light of the evidence as a whole, would be
> sufficient to establish by clear and convincing
> evidence that no reasonable factfinder would have
> found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made
> retroactive to cases on collateral review by the
> Supreme Court, that was previously unavailable.

6

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative" *Id.* at 538.

In *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), the Third Circuit addressed the issue of when a prisoner may bring a § 2241 habeas petition after being denied leave to file a successive § 2255 motion. *Dorsainvil* involved a prisoner who sought to bring a successive § 2255 motion on the basis of the United States Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995). In *Bailey* the Court held that a defendant may not be convicted of using a firearm under 18 U.S.C. § 924(c) unless the government proves that the defendant "actively employed the firearm during and in relation to the predicate crime." After the *Bailey* decision the petitioner in

7

*Dorsainvil* filed an application to file a successive § 2255 motion claiming that on the basis of *Bailey* he was imprisoned for conduct that the Supreme Court had determined is not illegal.  The Third Circuit held that a prisoner who was convicted and filed his first § 2255 motion before the *Bailey* decision may not file a second § 2255 motion based on *Bailey* because the second motion does not meet the stringent requirements created by the Antiterrorism and Effective Death Penalty Act for filing a second § 2255 motion. *Id.* at 248.  The Third Circuit went on to indicate that although a prisoner may not file a second § 2255 motion based on *Bailey* he may file a 28 U.S.C. § 2241 habeas corpus petition. *Id.* at 251.  However, the Third Circuit cautioned that:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255.  However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255.

119 F.3d at 251.

8

The petitioner asserts that because he is claiming that he
is actually innocent he may bring his claims in a 28 U.S.C.
§ 2241 petition.  He cites *Dorsainvil*.  However, *Dorsainvil*
does not hold that all claims of actual innocence may be
brought by way of a § 2241 petition.  In *Dorsainvil,* the
petitioner was allowed to present his claim that he was
imprisoned for conduct that the Supreme Court had determined is
not illegal (actual innocence claim) in a § 2241 petition
because he did not have an unobstructed procedural opportunity
to raise his claim in a § 2255 motion since he had filed a
§ 2255 motion prior to the *Bailey* decision and did not meet the
requirements for filing a second § 2255 motion after *Bailey*.
It was the fact that the petitioner in *Dorsainvil* did not have
an unobstructed procedural opportunity to raise his claim of
actual innocence that led the court in that case to allow a 28
U.S.C. § 2241 petition. *Abdullah v. Hedrick*, 392 F.3d 957, 960
(8th Cir. 2004)(analyzing *Dorsainvil* and other similar cases and
stating that courts have "limited the use of § 2241 petitions
to cases in which the petitioner asserts a claim of actual

9

innocence and never had an unobstructed procedural opportunity
to raise the claim.").

    In the instant case, the petitioner is not in a
position similar to the petitioner in *Dorsainvil*.  The
petitioner in this case had an unobstructed procedural
opportunity to raise his actual innocence claim in his first
§ 2255 motion.  The fact that the trial court denied the
petitioner's prior § 2255 motion, that the petitioner may now
be barred from filing a second § 2255 motion by the one-year
statute of limitations or that the petitioner may not be able
to meet the stringent gatekeeping requirements in order to file
a second § 2255 motion does not render § 2255 inadequate or
ineffective to test the legality of the petitioner's detention.
*Cradle*, *supra,* 290 F.3d at 539.

    The petitioner also intimates that he should be allowed to
proceed with his claims in a § 2241 petition because he has new
evidence - the letter from Jose Melendez - that corroborates
his claim of actual innocence.  Congress has set forth the
circumstances under which it has determined that a prisoner

10

should be allowed to collaterally attack his sentence based on newly discovered evidence. *See* 28 U.S.C. § 2255 (a second or successive motion may be certified by the Court of Appeals if it contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . . ").  The petitioner had the opportunity to present his allegedly newly-discovered evidence to the Second Circuit.  However, the Second Circuit denied the petitioner's request for leave to file a successive § 2255 motion.  To allow the petitioner to collaterally attack his sentence by way of a § 2241 petition based on his alleged newly-discovered evidence would eviscerate the limits set forth in § 2255.

The petitioner has not shown that the remedy by way of a § 2255 motion is inadequate or ineffective to test the legality of his detention.  Accordingly, the petitioner may not present his claims in a habeas petition.

11

In his reply, the petitioner contends that a § 2241
petition is appropriate because he is in custody in violation
of the International Covenant on Civil and Political Rights
(ICCPR), a treaty of the United States, and he may not raise a
claim based on a treaty under § 2255.[1]  The ICCPR, however, is
not self-executing and Congress has not enacted implementing
legislation; therefore, the ICCPR is not enforceable in the
courts. *Reaves v. Warden,* No. 3:01-CV-1149, 2002 W.L. 535398 at
*9 (M.D.Pa. Mar. 22, 2002)(Conaboy, J.), *aff'd*, 58 Fed.Appx.

---

[1] The petitioner's argument is that whereas § 2241
specifically covers a claim that a prisoner is in custody in
violation of a treaty of the Untied States, § 2255 does not.
*Compare* 28 U.S.C. § 2241(c)(3)(providing that a "writ of habeas
corpus shall not extend to a prisoner unless - . . .  He is in
custody in violation of the Constitution or laws or treaties of
the United States") with 28 U.S.C. § 2255 (providing "A prisoner
in custody under sentence of a court established by Act of
Congress claiming the right to be released upon the ground that
the sentence was imposed in violation of the Constitution or laws
of the United States, or that the court was without jurisdiction
to impose such sentence, or that the sentence was in excess of the
maximum authorized by law, or is otherwise subject to collateral
attack, may move the court which imposed the sentence to vacate,
set aside or correct the sentence."). Although § 2255 does not
specifically mention treaties, a number of courts have held that
relief under § 2255 extends to treaty violations. *See Wesson v.
U.S. Penitentiary Beaumont,* 305 F.3d 343, 348 (5th Cir. 2002);
*United States ex rel Perez v. Warden,* 286 F.3d 1059, 1063 (8th
Cir. 2002).  However, since the ICCPR is not self-executing, in
the instant case, we need not address the question whether § 2255
extends to treaty violations.

547, 2003 W.L. 193951 (3rd Cir. Jan. 28, 2003)  Thus, the

petitioner may not rely on the ICCPR in a § 2241 case. *Id.*


    Based on the foregoing, it is recommended that the

petition for a writ of habeas corpus be dismissed and that the

case file be closed.



                                    /s/ J. Andrew Smyser
                                   J. Andrew Smyser
                                   Magistrate Judge

Dated: June 13, 2005.