IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE RUIZ,** | : | **CIVIL ACTION NO. 1:05-CV-0700** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN RONALD HOLT** | : | |
| Respondent | : | |

### ORDER

AND NOW, this 28th day of March, 2006, upon consideration of the report and recommendation of the magistrate judge (Doc. 10), recommending dismissal of petitioner's writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 (Doc. 1), to which objections were filed (see Docs. 11, 13), and it appearing that the petition avers that petitioner is innocent and was convicted merely because of the ineffective assistance of trial counsel (see Doc. 1), that such claims were previously raised via a post-trial motion filed pursuant to 28 U.S.C. § 2255 and addressed by the United States District Court for the Southern District of New York, see Ruiz v. United States, 2000 WL 991535, at *1-2 (S.D.N.Y. July 19, 2000); (see also Doc. 1 at 3), and the court finding that petitioner has been afforded an unobstructed procedural opportunity to assert his innocence, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (only authorizing relief under § 2241 where "a prisoner . . . had no earlier opportunity to challenge his conviction . . ."); see also United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000) (same), and that petitioner has not demonstrated that the remedies available to him in his previous § 2255 motion were

inadequate or ineffective, see 28 U.S.C. § 2255 ("An application for a writ of habeas corpus [on] behalf of a prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); see also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) ("A § 2255 motion [is considered to] be inadequate or ineffective only if petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his . . . claim."); Thibeau v. Apker, 148 F. App'x. 110, 110-11 (3d Cir. 2005) (noting that the remedy provided by 28 U.S.C. § 2255 is not inadequate or ineffective merely because petitioner was denied relief or is unable to meet the requirements for filing a second or successive motion),[1] it is hereby ordered that:

1. The report of the magistrate judge (Doc. 10) is ADOPTED.

2. The petition for a writ of habeas corpus (Doc. 1) is DENIED.

3. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

4. The Clerk of Court is directed to CLOSE this case.

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] Although petitioner argues that he is entitled to relief pursuant to the International Covenant on Civil and Political Rights ("ICCPR") (see Doc. 11), this particular treaty is not self-executing and has not been ratified by Congress. See Sosa v. Alvarez-Machain, 542 U.S. 692, 734-35 ("The United States ratified the [ICCPR] on the express understanding that it was not self-executing and so did not itself create obligations enforceable in the federal courts."); see also Leinenbach v. Williamson, No. 04-CV-2442, 2005 WL 1430082, at *2 (M.D. Pa. June 17, 2005) (same); Jama v. U.S. I.N.S., 22 F.Supp. 2d. 353, 364-65 (D.N.J. 1998) (noting that Congress has not passed legislation implementing the ICCPR).